**R. E. MARINO** and **MARGUERITE MARINO**, doing business as **The Palms Bar & Grill**, v. **JAMES T. VOCELLE**, director, State Beverage Department, State of Florida.

36 So. (2nd) 375                                           June Term, 1948
July 27, 1948                                                    En Banc

*Choate & Sinclair,* for appellants.
*Patton & Kanner,* for appellee.

PER CURIAM:

Affirmed.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS, SEBRING and HOBSON, JJ., concur.

BARNS, J., dissents.

BARNS, J., dissenting:

Petitioners were the owners of The Palms Bar & Grill and were duly licensed to sell alcoholic beverages. On or about July 25, 1947, inspectors from the State Beverage Department found nine bottles of whiskey which had a lower alcoholic content than was normal for those brands. The charges directed against petitioners were that they:

" . . . did, on or before July 25, 1947, re-use and refill with distilled spirituous liquors, for the purpose of sale, certain bottles which had once been used to contain spirituous liquors . . . "

A Hearing was had before the respondent and the petitioners' license was suspended for sixty days. Petitioners then petitioned the Circuit Court for a writ of certiorari, which was denied. Petitioners now appeal from that denial.

Section 561.09 (2), Florida Statutes, 1941, F.S.A., (Acts of 1943) provides:

"Any person who shall re-use or refill with distilled spirituous liquors for the purpose of sale a bottle or other container which has once been used to contain spirituous liquors and to which has theretofore been attached a stamp as required by the beverage laws of Florida, or any person who shall willfully misrepresent or permit to be misrepresented the brand of distilled spirits being sold or offered for sale in or from any bottle or container shall be guilty of a misdemeanor and, where such person is licensed under this law, is subject to have his license revoked by the director. The possession of such a refilled or a mislabeled bottle or other container of spirituous liquors shall be prima facie evidence of the violation of this section. As amended, Laws 1943, c. 21839, Sec. 3."

Petitioners were charged with refilling or re-using whiskey bottles with distilled liquors. It is their claim on this appeal that the evidence did not support such a charge. The evidence went to prove adulteration, which is different from refilling or re-using with distilled spirituous liquors, and the proof fails to support the charge.

The judgment appealed should be reversed, with directions that a writ of certiorari issue.